UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| HAROLD LEE WILSON #325150<br>SHAWN BAUM #236191, and<br>ALEX MORRISON #393877,<br><br>          Plaintiff,<br><br>v.<br><br>PATRICIA CARUSO, et al.,<br><br>          Defendants. | Case No. 2:05-cv-205<br><br>HON. GORDON J. QUIST<br><br>**OPINION** |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

    I.     Factual allegations

Plaintiffs are presently incarcerated at the Chippewa Correctional Facility (URF). In their *pro se* complaint, they sue MDOC Director Patricia Caruso, MDOC Special Activities Coordinator David Burnett, and the Chaplin's Advisory Counsel.

Plaintiffs claim that they are Wiccan and that the MDOC refuses to allow group worship and study sessions equivalent to other religions. In addition, Plaintiffs claim that prison

officials refuse to allow them to possess items necessary for basic practice of the Wiccan Religion. For relief, Plaintiffs request compensatory and punitive damages, as well as injunctive relief.

## II. Lack of exhaustion of available administrative remedies

Plaintiffs have failed to sufficiently allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 516; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S. Ct. 88 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S. Ct. 634 (2000). A prisoner must specifically mention the involved parties in the grievance to make prison officials aware of the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Plaintiffs' claims appear to relate to official MDOC policy. The content of administrative rules, policy directives, or Director's Office Memoranda may not be grieved. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶¶ E, F-2 (effective Oct. 11, 1999 and Nov. 1, 2000). However, if a prisoner is personally affected by the content of a policy and the prisoner has a concern with the policy, the prisoner may direct comments to the warden's forum through his unit representative. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective Oct. 11, 1999 and Nov. 1, 2000). Also, a prisoner may grieve the application of a policy if it affects the prisoner personally and is something over which the Michigan Department Corrections has control. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective Oct. 11, 1999 and Nov. 1, 2000).

The burden to allege and show exhaustion belongs to Plaintiffs. *See* 42 U.S.C. § 1997e(a); *Knuckles El*, 215 F.3d at 642; *Brown*, 139 F.3d at 1104. This requirement is "so that the district court may intelligently decide if the issues raised can be decided on the merits." *Knuckles El*, 215 F.3d at 642. Plaintiff Wilson attaches a copy of his step I grievance, as well as an affidavit indicating that he filed step II and III grievance appeals, but never received any responses. A review of Plaintiff Wilson's step I grievance form reveals that he did not specifically mention the named Defendants in his grievance. As noted above, a prisoner must specifically mention the involved parties in the grievance. *Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2.

Plaintiffs Baum and Morrison make no showing at all that they attempted to exhaust their administrative remedies. An allegation that remedies have been exhausted is not enough, as a plaintiff must provide the decisions reflecting the administrative disposition of his claims or other evidence showing that he has exhausted his remedies. *Williams v. McGinnis*, No. 98-1042, 1999 WL

183345, at *1 (6th Cir. March 16, 1999). The Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *See Knuckles El*, 215 F.3d at 642. Accordingly, the Court finds that Plaintiffs have failed to demonstrate exhaustion of available administrative remedies.

It is not clear whether Plaintiffs may still grieve their claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶¶ G-3, T, V. The Sixth Circuit held that an inmate cannot claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Bradford v. Moore*, No. 97-1909, 1998 WL 476206, at *1 (6th Cir. Aug. 3, 1998). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court will dismiss this action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiffs' action without prejudice because they have failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated:  October 6, 2005                             /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE